UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-60064-CR-GONZALEZ(s)(s)

UNITED STATES OF AMERICA

vs.

ARTHUR VANMOOR
a/k/a Arthur Van Moerkerken,

     Defendant.

_____ /

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

It is now my duty to instruct you on the rules of law that you must follow and apply in deciding this case. When I have finished you will go to the jury room and begin your discussions - - what we call your deliberations.

It will be your duty to decide whether the Government has proved beyond a reasonable doubt the specific facts necessary to find the Defendant guilty of the crimes charged in the indictment.

**Duty to Follow Instructions**
**Presumption of Innocence**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all; and if a Defendant elects not to testify, you should not consider that in any way during your deliberations. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

_____

### Definition of Reasonable Doubt

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

3

**Consideration of the Evidence, Direct
and Circumstantial - - Argument of Counsel
Comments by the Court**

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

4

## Credibility of Witnesses

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

**Accomplice - Informer - Immunity**

The testimony of some witnesses must be considered with more caution than the testimony of other witnesses.

For example, a paid informer, or a witness who has been promised that he or she will not be charged or prosecuted, or a witness who hopes to gain more favorable treatment in his or her own case, may have a reason to make a false statement because the witness wants to strike a good bargain with the Government.

So, while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution that the testimony of other witnesses.

_____

**Impeachment**
**Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

## Expert Witnesses

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

## Aiding and Abetting (Agency)
### 18 USC § 2

The guilt of a Defendant in a criminal case may be proved without evidence that the Defendant personally did every act involved in the commission of the crime charged. The law recognizes that, ordinarily, anything a person can do for one's self may also be accomplished through direction of another person as an agent, or by acting together with, or under the direction of, another person or persons in a joint effort.

So, if the acts or conduct of an agent, employee or other associate of the Defendant are willfully directed or authorized by the Defendant, or if the Defendant aids and abets another person by willfully joining together with that person in the commission of a crime, then the law holds the Defendant responsible for the conduct of that other person just as though the Defendant had personally engaged in such conduct.

However, before any Defendant can be held criminally responsible for the conduct of others it is necessary that the Defendant willfully associate in some way with the crime, and willfully participate in it. Mere presence at the scene of a crime and even knowledge that a crime is being committed are not sufficient to establish a Defendant either directed or aided and abetted the crime. You must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

11

# INTRODUCTION TO OFFENSE INSTRUCTIONS

## Introduction to Offense Instructions
## (In Conspiracy Cases)

At this time, I will explain the indictment which charges nineteen separate offenses called "counts." I will not read it to you at length because you will be given a copy of the indictment for reference during your deliberations.

In summary, Count 1 charges that the Defendant knowingly and willfully conspired to commit offenses against the United States, that is, (1) wire fraud, (2) mail fraud, (3) introducing and delivering for introduction into interstate commerce a misbranded drug, (4) misbranding a drug in interstate commerce, and (5) introducing and delivering for introduction an unapproved new drug into interstate commerce. Counts 2 through 19, respectively, charge the commission of what are referred to as substantive offenses, namely that the Defendant committed wire fraud, mail fraud, introduced misbranded drugs, misbranded drugs and delivered and caused to be delivered unapproved new drugs. I will explain the law governing those substantive offenses in a moment.

First, however, as to Count 1, you will note that the Defendant is not charged with committing a substantive offense; rather, he is charged with having conspired to do so.

---

13

### General Conspiracy Charge
### 18 U.S.C. § 371

Title 18, United States Code, Section 371, makes it a separate Federal crime or offense for anyone to conspire or agree with someone else to do something which, if actually carried out, would amount to another Federal crime or offense. So, under this law, a "conspiracy" is an agreement or a kind of "partnership" in criminal purposes in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is *not* necessary for the Government to prove that all of the people named in the indictment were members of the scheme;  *or* that those who *were* members had entered into any formal type of agreement; *or* that the members had planned together *all* of the details of the scheme or the "overt acts" that the indictment charges would be carried out in an effort to commit the intended crime.

Also, because the essence of a conspiracy offense is the making of the agreement itself (followed by the commission of any overt act), it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

What the evidence in the case *must* show beyond a reasonable doubt is:

*First:*      That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the indictment;

*Second:*      That the Defendant, knowing the unlawful purpose of

14

the plan, willfully joined in it;

*Third*:        That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the indictment; and

*Fourth*:        That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

An "overt act" is any transaction or event, even one which may be entirely innocent when considered alone, but which is knowingly committed by a conspirator in an effort to accomplish some object of the conspiracy.

A person may become a member of a conspiracy without knowing all of the details of the unlawful scheme, and without knowing who all of the other members are. So, if a Defendant has a general understanding of the unlawful purpose of the plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict that Defendant for conspiracy even though the Defendant did not participate before, and even though the Defendant played only a minor part.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not, standing alone, establish proof of a conspiracy. Also, a person

who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.



16

## Wire Fraud
## 18 U.S.C. 1343

Title 18, United States Code, Section 1343, makes it a Federal crime or offense for anyone to use interstate wire communications facilities in carrying out a scheme to defraud.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First:    That the Defendant knowingly devised or participated in a scheme to defraud, or for obtaining money or property by means of false pretenses, representations or promises;

Second:    That the false pretenses, representations or promises related to a material fact;

Third:    That the Defendant did so willfully and with an intent to defraud; and

Fourth:    That the Defendant transmitted or caused to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme to defraud.

The term "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property by means of false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it relates to a material fact and is known to be untrue or is made with reckless indifference as to its truth or falsity, and is made or caused to be made with intent to defraud. A statement or representation may also be "false" or

17

"fraudulent" when it constitutes a half truth, or effectively conceals a material fact, with intent to defraud.

A "material fact" is a fact that would be important to a reasonable person in deciding whether to engage or not to engage in a particular transaction. A fact is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to whom or to which it is addressed. A false or fraudulent statement, representation or promise can be material even if the decision maker did not actually rely on the statement, or even if the decision maker actually knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive or cheat someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the material transmitted by wire was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of interstate wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud; or that the Defendant personally used the wire communication facility.

What must be proved beyond a reasonable doubt is that the Defendant, with intent to defraud, knowingly and willfully devised, intended to devise, or participated in, a scheme to defraud substantially the same as the one alleged in the indictment; and that the use of the interstate wire

18

communications facilities was closely related to the scheme because the Defendant either used, or caused to be used, wire communications facilities in interstate commerce in an attempt to execute or carry out the scheme.

To "cause" interstate wire communications facilities to be used is to do an act with knowledge that the use of such facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate wire communications facilities in furtherance of a scheme to defraud constitutes a separate offense.

19

**Mail Fraud**
**18 U.S.C. 1341**

Title 18, United States Code, Section 1341, makes it a Federal crime or offense for anyone

to use the United States mails or a private interstate commercial carrier in carrying out a scheme to

defraud.

The Defendant can be found guilty of that offense only if all of the following facts are proved

beyond a reasonable doubt:

| | |
|---|---|
| *First*: | That the Defendant knowingly devised or participated in a scheme to defraud, or for obtaining money or property by means of false pretenses, representations or promises; |
| *Second*: | That the false pretenses, representations or promises related to a material fact; |
| *Third*: | That the Defendant did so willfully and with an intent to defraud; and |
| *Fourth*: | That the Defendant used the United States Postal Service or a private interstate commercial carrier by mailing or by causing to be mailed or depositing and causing to be deposited some matter or thing for the purpose of executing the scheme to defraud. |

The term "scheme to defraud" includes any plan or course of action intended to deceive or

cheat someone out of money or property by means of false or fraudulent pretenses, representations,

or promises.

20

A statement or representation is "false" or "fraudulent" if it relates to a material fact and is known to be untrue or is made with reckless indifference as to its truth or falsity, provided it is made or caused to be made with intent to defraud. A statement or representation may also be "false" or "fraudulent" when it constitutes a half truth, or effectively conceals a material fact, provided it is made with intent to defraud.

A "material fact" is a fact that would be important to a reasonable person in deciding whether to engage or not to engage in a particular transaction. A fact is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to whom or to which it is addressed. A false or fraudulent statement, representation or promise can be material even if the decision maker did not actually rely on the statement, or even if the decision maker actually knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive or cheat someone, ordinarily for the purpose of causing some financial loss to another or bringing about some financial gain to one's self.

It is not necessary that the Government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme; or that the material mailed was itself false or fraudulent; or that the alleged scheme actually succeeded in defrauding anyone; or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud; or that the Defendant did the actual mailing.

What must be proved beyond a reasonable doubt is that the Defendant, with the specific intent to defraud, knowingly devised, intended to devise, or participated in, a scheme to defraud

21

substantially the same as the one alleged in the indictment; and that the use of the United States mail was closely related to the scheme because the Defendant either mailed something or caused it to be mailed in an attempt to execute or carry out the scheme.

To "cause" the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the mails in furtherance of a scheme to defraud constitutes a separate offense.

_____

## Mail and Wire Fraud Instruction

The mail fraud statute does not require the Government to prove that the scheme and artifice to defraud was successful nor that the intended victim suffered a loss or that the Defendant secured a gain; the gist of the offense is a scheme to defraud and the use of the mails under the mail fraud statute and the use of a wire communication device in interstate commerce to further that scheme.

_____

## The FDCA

This is a criminal prosecution arising in part under the Federal Food, Drug, and Cosmetic Act, Title 21, United States Code, Sections 301-397, which has as its underlying purpose the protection of the public health and welfare, including the protection of consumers, who in circumstances of modern society, are unable to protect themselves either from drugs that may not be safe and effective for their intended uses or from drugs that bear labels that do not contain adequate directions and warnings or are not easily understood. I will hereafter refer to the Federal Food, Drug, and Cosmetic Act as the "FDCA."

_____

## Misbranding of a Drug in Interstate Commerce
## 18 U.S.C. § 331

Counts 12-15 of the Indictment charge that the Defendant, with the intent to defraud or mislead, caused the article "Cancer Control" to be misbranded in interstate commerce, in violation of Title 21, United States Code, Sections 331(b) and 333(a)(2).

In this regard, Title 21, United States Code, Section 331 provides, in pertinent part, that: The following acts and the causing thereof are prohibited:

(b) The . . . misbranding of any . . ., drug, . . . in interstate commerce.

I will instruct you momentarily on the three ways in which "Cancer Control" is alleged to have been misbranded within the meaning of Title 21, United States Code, Section 352. In order for the Defendant to be found guilty of the charges in Counts 12-15, the Government must prove beyond a reasonable doubt each of the following elements:

| | |
|---|---|
| *First*: | That the "Cancer Control" was a drug, as I have previously defined that term; |
| *Second*: | That the drug was in interstate commerce, as I will explain that term momentarily; |
| *Third*: | That the drug was misbranded, as I will explain that term momentarily; and |
| *Fourth*: | That the Defendant acted with the intent to defraud or mislead. |

---

25

## Definition of "Drug"

As I just explained to you, with respect to Count 1, you must find that "Cancer Control" or "Migraine Miracle" or both was a drug, as that term is defined in the FDCA. In addition, with respect to Counts 12-15, you must find that "Cancer Control" was a drug, as that term is defined in the FDCA.

You are instructed that an article is a "drug" under the FDCA if it is intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man, or if it is intended to affect the structure or any function of the human body.

It is the intended use of a substance which determines whether it is a drug under the FDCA, and not the nature or composition of the article, or whether and how the article actually affects the structure or any function of the human body.

A product's intended use is what a reasonable person would conclude the manufacturer or seller intended, based on all of the relevant information. You can determine the intended use of a product by considering the label, accompanying labeling, promotional material, advertising, oral representations made about the product, the circumstances surrounding the distribution of the article, and information from any other source which discloses intended use. The mere use of the name of the product can be a claim to diagnose, mitigate, treat, cure, or prevent disease. You are not bound by any particular claims or statements made by the manufacturer or seller disclaiming an intended use if there is other evidence concerning intended use that conflicts with those claims or statements.

If you find that the Defendant intended for the "Cancer Control" product to be used for the

26

diagnosis, cure, mitigation, treatment, or prevention or disease in man, then you must find that

"Cancer Control" product is a drug under the FDCA.

_____

## Definition of "Interstate Commerce"

Counts 12-15 of the Indictment allege that the Defendant caused "Cancer Control" to be misbranded in "interstate commerce."

"Interstate commerce" means commerce between any State and any place outside thereof. If you find that for Counts 12-15 that "Cancer Control" product went from Florida to a place outside of Florida, or that the Defendant caused the introduction of the "Cancer Control" product or a component of the "Cancer Control" product from one state or country to another, then you must find that "Cancer Control" product identified in that count was in interstate commerce.

_____

### Definition of "Intent to Defraud or Mislead"

Counts 12-15 of the Indictment allege that the Defendant violated, or agreed to violate, provisions of the FDCA with the intent to defraud or mislead. To act with "intent to defraud" means to act with the specific intent to deceive or cheat, ordinarily for the purpose of either causing some financial loss to another or bringing about some financial gain to one's self. It is not necessary, however, to prove that anyone was, in fact, defrauded as long as it is established beyond a reasonable doubt that the Defendant acted with the intent to defraud.

You are instructed that to act with "intent to mislead" means to act with the specific intent to create a false impression by misstating, omitting or concealing facts. It is not necessary, however, to prove that anyone was, in fact, misled as long as it is established beyond a reasonable doubt that the Defendant acted with the intent to mislead.

A Defendant acts with intent to defraud or mislead under the FDCA if the Defendant acts with the intent to defraud or mislead either (1) the consumers of the Defendant's products or (2) the Government. To act with the intent to defraud or mislead the consumers of a product means to act with the specific intent to mislead either the direct purchaser of the product, or subsequent purchasers or users, about the nature of the product being used or purchased or some significant fact or aspect of the product being used or purchased.

To act with the intent to defraud or mislead the Government means to act with the specific intent to interfere with or obstruct a lawful government function by deceit, craft or trickery, or at least by means that are dishonest. Intent to defraud or mislead the Government can be established by proof

29

beyond a reasonable doubt that the Defendant took affirmative steps in an effort to conceal his activities from Government agencies, such as the FDA, charged with regulating those activities.

Ordinarily, there is no way that a Defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking. But a Defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things such as what the defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that bear on the Defendant's intent.

———————————————————

**"Misbranded" - Three distinct ways**

As I previously explained, Counts 12-15 charge that the Defendant, with the intent to defraud or mislead, caused the article "Cancer Control" to be misbranded in interstate commerce in three distinct ways. You do not need to find that "Cancer Control" was misbranded in all of the three ways in order to find the Defendant guilty. The element of misbranding is satisfied if you find beyond a reasonable doubt that the "Cancer Control" product was misbranded in only one of the three ways, with all of you agreeing as to the particular way in which the "Cancer Control" product was misbranded.

———————————————————

31

## Ways of Being "Misbranded" - First Way Defined

First, a drug is misbranded within the meaning of Title 21, United States Code, Section 352(a), if its labeling is false or misleading in any particular.

The FDCA has distinct definitions for the terms "label" and "labeling." The term "label" means a display of written, printed, or graphic matter upon the immediate container of any article.

The term "labeling" means all labels and <u>other</u> written, printed, or graphic matter that appears on any product or on any of its containers or wrappers, or that accompanies the product. Thus, the term "labeling" is broader than the term "label," and "labels" are but one kind of "labeling."

It is unnecessary for the matter to have been physically attached to the drug or to have been shipped at the same time or with the drug to constitute "labeling" under the FDCA. As I just explained, such matter can constitute "labeling" if it "accompanies the product." If such matter is provided as part of an integrated transaction of marketing a drug and explains the uses of the drug, then it "accompanies" the drug and constitutes "labeling."

You do not need to find that the labeling is false or misleading in its entirety. You need only find that any single representation in the labeling is false or misleading, with all of you

agreeing as to the particular representation in which the labeling is false or misleading.

_____

**Ways of Being "Misbranded" - Second Way Defined**

Second, a drug is misbranded within the meaning of Title 21, United States Code, Section 352(i)(3), if it is offered for sale under the name of another drug.  If you find that the "Cancer Control" product was offered for sale under the name of another drug, then you must find that it was misbranded under Title 21, United States Code, Section 352(i)(3).

———————————————

## Ways of Being "Misbranded" - Third Way Defined

Third, a drug is misbranded within the meaning of Title 21, United States Code, Section 352(f)(1) if its labeling lacks adequate directions for use.

I previously have explained to you about the meaning of the term "labeling" under the FDCA. Like with the term "labeling," the term "adequate directions for use" has a specific meaning under the FDCA.

"Adequate directions for use" under the FDCA means directions sufficient to enable a layman to use a drug safely and for the purposes for which it is intended. Directions for use may be inadequate because they omit statements of all conditions, purposes, or uses for which the drug is commonly used. Directions for use may also be inadequate if they fail to give the quantity of dose and the frequency, duration, time, and route of administration.

No drug can be said to contain in its labeling "adequate directions for its use," unless every ailment of the body for which it is, through any means, held out to the public as an effective remedy is listed in the labeling, together with instructions to the user concerning quantity and frequency of dosage recommended for each particular ailment.

A drug also lacks "adequate directions for its use" if it is contained in labeling that has not been approved by the FDA.

A drug also lacks "adequate directions for its use" unless there are investigations or clinical data demonstrating the safety and effectiveness of the drug.

## Distribution of Unapproved New Drugs

Title 21, United States Code, Sections 331(d), 355(a), and 333(a)(2) make it a Federal crime or offense for anyone, with the intent to defraud or mislead, introduce or cause the introduction or delivery for introduction into interstate commerce any unapproved new drug.

Counts 16 through 19 charge that the Defendant, on or about the dates charged, with the intent to defraud or mislead, unlawfully caused the introduction or delivery for introduction into interstate commerce of "Cancer Control," which was a "new drug," as that term is defined later in these instructions, without approval to do so from the FDA.

Each of these counts charges a shipment to a particular purchaser as a separate violation of the law. The purchaser and the shipment dates alleged are set forth in the Indictment. In order to establish the offenses in Counts 16 through 19, the government must prove each of the following elements beyond a reasonable doubt:

*First*:   that the Defendant caused "Cancer Control" to be introduced or delivered for introduction into interstate commerce on or about the dates charged in the Indictment;

*Second*:   that at the time each "Cancer Control" was introduced into interstate commerce, it was an unapproved "new drug," as that term is defined for you in these instructions;

*Third*:   that the Defendant acted with intent to defraud or mislead.

36

## Definitions of Terms for Counts 16 Through 19

## "Interstate Commerce" and "Intent to Defraud or Mislead"

I have previously provided to you in my instructions for Counts 12 through 15 with definitions for "interstate commerce" and "intent to defraud or mislead."  Those definitions also will apply to the use of those terms in Counts 16 through 19.

**Definitions of Terms for Counts 16 Through 19**

**Definition of "New Drug"**

The term "new drug," as pertinent here, is defined by the FDCA to mean:

> any drug . . . the composition of which is such that such drug is not
> generally recognized, by experts qualified by scientific training and
> experience to evaluate the safety and effectiveness of drugs, as safe
> and effective for use under the conditions prescribed, recommended,
> or suggested in the labeling thereof.

If you find that the "Cancer Control" product was a "drug," as I previously have defined that term, and that it was not generally recognized by qualified experts as safe or effective when used as prescribed, recommended, or suggested in its labeling, you must find that the "Cancer Control"product was a "new drug" and, therefore, that it could not lawfully be entered into interstate commerce unless a New Drug Application ("NDA"), Abbreviated New Drug Application ("ANDA"), or notice of claimed investigational exemption ("IND") was on file for it with the FDA.

In order to prove that the "Cancer Control"product was a "new drug," the government in this case does not have to show that "Cancer Control" was "new" in the sense that it was recently made or, in fact, unsafe or ineffective, but simply that "Cancer Control" was not generally recognized among qualified experts as having been adequately shown to be safe or effective when used in the manner prescribed, recommended, or suggested in its labeling.

---

## Definitions - "General Recognition of Safety and Effectiveness"

A General recognition" of a drug's effectiveness must be based on three conditions.

First, there must be substantial evidence of "Cancer Control's" effectiveness that would be sufficient to obtain FDA's approval for the "Cancer Control" product. "Substantial evidence" is evidence consisting of "adequate and well-controlled investigations, including clinical investigations, upon which qualified experts can fairly and reasonably conclude that the "Cancer Control" will have the effect it is represented to have, namely to cure cancer.

Second, the "adequate and well-controlled investigations" must be published in the scientific literature so that they are made generally available to the community of qualified experts and are, thereby, subject to peer evaluation, criticism, and review. The published investigations must be of the safety and efficacy of the complete product, that is the complete "Cancer Control" product, as opposed to some of the ingredients in the "Cancer Control" product. The absence of literature establishing the safety and effectiveness of the "Cancer Control" product is proof that the requisite general recognition does not exist.

Anecdotal and testimonial evidence from doctors or patients regarding the safety and/or effectiveness of a new drug is not sufficient to meet the standards of the FDCA with respect to establishing the drug's safety and effectiveness. In addition, general recognition of safety and effectiveness cannot be based on clinical impressions of practicing physicians or patients, poorly controlled experiments, or isolated case reports, random experience, and reports lacking the details which permit scientific evaluation.

39

Third, there must be a consensus among qualified experts, based on adequate and well-controlled published investigations of the Cancer Control product, that the Cancer Control product is safe and effective for each of its labeled indications.

If you find that any one of these three conditions fails to exist for the "Cancer Control" product, then you must find that the "Cancer Control" product was not generally recognized as safe and effective and, therefore, was a "new drug."

## DEFINITION OF TERMS FOR COUNTS 12 THROUGH 19

### Responsibility for "Causing" Violations

The Government is not required to prove the Defendant's personal participation in an act
that violates the FDCA to establish the Defendant's guilt.  Thus, the Government does not have to
establish that the Defendant physically participated in producing, labeling, or shipping the Cancer
Control.  Instead, the Government may satisfy its proof by showing that the Defendant is the
responsible person for the operation of the business out of which the violation grows.

41

## On or About - Knowingly - Willfully

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly" as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is, with bad purpose either to disobey or disregard the law. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent the Government must prove that the Defendant knowingly did an act which the law forbids, purposely intending to violate the law. Such intent may be determined from all the facts and circumstances surrounding the case.

12

### Duty to Deliberate

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty, as jurors, to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

42

## Verdict

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.